USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/29/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCO ANTONIO ENRIQUEZ et al.,

　　　　　　　　Plaintiffs,

-against-

WOO YOUNG EMPORIUM et al.,

　　　　　　　　Defendants.

No. 14-CV-1598 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

　　Before the Court is the parties' joint request for Court approval of a Stipulation of Settlement ("Settlement") resolving the claims of the named Plaintiffs in this lawsuit for unpaid overtime wages. For the reasons stated below, the Settlement, which does not alter or waive the legal rights of any other current or former employees of Defendant Woo Young Emporium, is approved.

## BACKGROUND

　　On March 7, 2014, Plaintiffs Marco Antonio Enriquez, Humberto Cruz Gallegos, Andres Hernandez Catarino, Juvenal Hernandez Gallegos, and Silvestre Cruz Gallegos filed this action on behalf of themselves and those similarly situated pursuant to the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York State Labor Law ("NYLL"), § 190, and New York state law. Plaintiffs alleged that Defendants Woo Young Emporium (doing business as North Village Deli Emporium), Chun Woo Realty Corp., and Chun Woo Lee failed to pay non-exempt employees overtime wages and instead paid a flat rate for all hours worked. The Complaint was amended to add Plaintiff Ricardo Cruz Hernandez on April 18, 2014, and again

on July 31, 2014 to add Defendants Thomas Lee and Young S. Lee.[1] On August 11, 2014, Magistrate Judge Pitman, who presided over settlement discussions, informed the Court that the parties had settled the case. On September 26, 2014, however, the parties reported that they could not reach a final agreement. After further negotiations before Judge Pitman, the parties finalized the terms of the Settlement on October 30, 2014. On November 25, 2014, they submitted the instant request for Court approval.

The proposed Settlement provides a gross sum of $402,712.80 to settle the FLSA and state law claims asserted in the Second Amended Complaint. (Letter in Support of Settlement (Dkt. 34) at 3.) Of this total amount, $282,712.80 will be paid directly to Plaintiffs as back pay, and the remaining $120,000 is allocated for attorney's fees. (Id.) The proposed agreement provides that the entire Settlement amount be paid within 15 days of Court approval, with a $500.00 daily penalty for each day that the payment is past due. (Id.)

## DISCUSSION

Defendant employers found in violation of the FLSA's overtime provision must pay both the unpaid overtime compensation and an equal amount of liquidated damages. See 29 U.S.C. § 216(b). Moreover, an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A district court overseeing a stipulated FLSA settlement must scrutinize the settlement agreement to determine if it is "fair and reasonable." Id. (citing Elliot v. Allstate Investigations, Inc., No. 07 Civ. 6068 (DLC), 2008

---

[1] In the Second Amended Complaint, Defendant Chun Woo Lee was amended to "Chun Woo Lee a/k/a Charles Lee or Charles Chun Woo Lee."

WL 728648, at *1-2 (S.D.N.Y. Mar. 19, 2008); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)). Consequently, the parties must provide the Court with enough information to "examine the bona fides of the dispute," and determine whether, overall, the proposed settlement reflects a fair and "reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id. (internal citations and quotations omitted).

In making such a determination, the Court should consider the totality of circumstances, including the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. (internal citations and quotations omitted). Additional factors that weigh against approving a settlement include: "the presence of other employees situated similarly to claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry of in a workplace." Id. at 336 (citing Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1244 (M.D. Fla. 2010)) (internal quotations omitted).

In addition, where the proposed settlement of FLSA claims includes the payment of attorney's fees, the Court must also assess the reasonableness of the fee award. Id.; 29 U.S.C. § 216(b). Where the parties in an individual FLSA action have agreed to a fee through negotiation, there is "a greater range of reasonableness for approving attorney's fees." Id. (citing Misiewicz

3

v. D'Onofrio Gen. Contractors Corp., No. 08 Civ. 4377 (KAM) (CLP), 2010 WL 2545472, at *5 (E.D.N.Y. June 18, 2010)). Even in such cases, however, the Court must carefully review the settlement to ensure that "the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." Id. at 336 (quoting Cisek v. Nat'l Surface Cleaning, Inc., 954 F.Supp. 110, 110-11 (S.D.N.Y 1997)). Counsel must submit sufficient evidence of the factual basis for the award, which in this Circuit includes contemporaneous billing records documenting the date and hours expended and the nature of the work done. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)). Although there is a strong presumption that the "lodestar amount," that is, the number of attorney hours reasonably expended multiplied by a reasonable hourly rate, represents a reasonable fee, the Court may adjust the fee award upward or downward as appropriate. Id. Furthermore, the Court may reduce the award or deny fees altogether if proper records are not submitted. Id. at 337 (citing Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997)).

Considering all the relevant factors, the Court concludes that the proposed Settlement is fair and reasonable. Plaintiffs estimate that their potential recovery for all claims would total approximately $188,262.74 in unpaid wages and an additional $160,358.85 in liquidated damages for a total of $348,621.59.[2] The Settlement payout for Plaintiffs, $282,712.80, accounts for just over 81 percent of that total. Given the scope and nature of Plaintiffs' claims, however, as well as the risks and expenses of additional litigation, that discrepancy is acceptable. See Thornhill v. CVS Pharmacy, Inc., No. 13 Civ. 5507 (JMF), 2014 WL 1100135, at *2 (S.D.N.Y.

---

[2] The liquidated damages amount is slightly less than the total unpaid wage amount because prior to April 1, 2011, the NYLL provided for liquidated damages equal to only 25 percent of unpaid wages. See NYLL § 198 (as amended).

4

Mar. 20, 2014). In particular, the parties dispute whether Defendants were entitled to a statutory tip credit and a daily meal credit. (Letter in Support of Settlement at 4-5.) These credits potentially account for approximately $173,159.00 of Plaintiffs' total recovery. (Id. at 5.) Because Plaintiffs would risk losing some or all of the credits if they proceeded to trial, the Settlement amount reflects the parties' reasonable compromise over a contested issue. See e.g. Martinez v. Hilton Hotels Corp., No. 10 Civ. 7688 (JLC), 2013 WL 4427917, at *2 (S.D.N.Y. Aug. 20, 2013); Garcia v. BAE Cleaners Inc., No. 10 Civ. 7804 (KBF), 2012 WL 1267844, at *1 (S.D.N.Y. April 12, 2012).

In addition, the Settlement resulted from arm's-length bargaining by the parties. Indeed, counsel for the parties exchanged multiple demands and offers, and the final terms of the agreement were proposed by Magistrate Judge Pitman during mediation. See Martinez, 2013 WL 4427917, at *2 (relying on negotiations before magistrate judge and mediator as evidence of fair settlement without coercion). Furthermore, as the parties point out, the Settlement applies to and is binding only on the named Plaintiffs; the legal rights of other former and current employees will not be altered or extinguished.

As to the attorney's fee award, the parties request a total of $120,000 for 449.8 hours, or a blended hourly rate of $240. This proposed award accounts for approximately 30 percent of the total Settlement, a percentage generally approved by courts in this Circuit. See Pla v. Renaissance Equity Holdings LLC, No. 12 Civ. 5268 (JMF), 2014 WL 113721, at *2 (Jan. 13, 2014) (courts typically approve attorney's fees between 30 and 33 percent of total settlement); Guzman v. Joesons Auto Parts, No. 11 Civ. 4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases). Although the fee award is sizable, it does not appear to have significantly affected the negotiated payout for the individual Plaintiffs—as discussed, that

5

portion of the Settlement includes the bulk of Plaintiffs' recoverable damages. Finally, the documentation provided is sufficient to support the award; Plaintiffs' counsel submitted detailed billing records accounting for all hours worked by each attorney during the course of the litigation.

In sum, the terms of the Settlement are fair and reasonable. Accordingly, the Stipulation of Settlement is approved. The Clerk of the Court is directed that the case shall remain closed.

SO ORDERED.

Dated:   December 29, 2014
         New York, New York

Ronnie Abrams
United States District Judge